# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEPHEN MAGEE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:22CV710 |
| UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM, and ADAM ZANATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff Stephen Magee initiated this action on August 28, 2022, against Defendants University of North Carolina Health Care System ("UNC Health") and Dr. Adam Zanation. (ECF No. 1 at 1.) The sole remaining claim is Plaintiff's retaliation claim outlined in Count 1 of the Complaint, which Plaintiff brings under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against UNC Health.[1] (*Id.* ¶¶ 6, 42–45.) Before the Court is UNC Health's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (ECF No. 14.) For the reasons discussed herein, Defendant's motion will be granted.

---

[1] On January 2, 2023, Plaintiff dismissed Count II of the Complaint, (ECF No. 20); and on March 17, 2023, the parties stipulated that all of Plaintiff's claims against Adam Zanation were dismissed, (ECF No. 24), leaving only Count 1.

[2] While Defendant's motion was also brought under Rules 12(b)(1), (b)(2), and (b)(5), those issues have been resolved leaving only the issue of whether Plaintiff has stated a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 20, 25, & 27.)

I. **BACKGROUND**

Defendant UNC Health hired Plaintiff as an operating room nurse on July 15, 2019. (ECF No. 1 ¶ 26.) Plaintiff alleges in his Complaint that, from July 2019 until January 2021, he witnessed Dr. Zanation create a hostile work environment for Plaintiff's female co-workers. (*Id.* ¶ 27.) Plaintiff reported the harassment to UNC Health's compliance hotline in November 2020 and was assured that the complaint would be kept confidential. (*Id.* ¶¶ 28–29.)

Following his complaint to UNC Health, Plaintiff alleges that his schedule and call shifts were modified by the operating room management. (*Id.* ¶¶ 31–32.) Additionally, according to Plaintiff, he began receiving threats from his male co-workers. (*Id.* ¶¶ 29–30, 33–35.) Plaintiff alleges that he reported these behaviors to UNC Health management; however, management did not address his concerns. (ECF No. 1-2 at 1.)

Plaintiff further alleges that on January 29, 2021, he was physically attacked by another employee of UNC Health. (ECF No. 1 ¶ 36.) Following the alleged attack, Plaintiff resigned "because he did not feel safe to return to the workplace after Defendant UNC [Health] refused to provide assurances that he would be protected from further physical harm." (*Id.* ¶ 40.)

On May 9, 2021, Plaintiff filed a charge of discrimination based on retaliation in violation of Title VII with the Equal Employment and Opportunity Commission ("EEOC"). (*Id.* ¶ 23; ECF No. 1-2 at 1.) On June 5, 2022, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue. (ECF No. 1 ¶ 24; ECF No. 1-3 at 1.) Plaintiff then filed this lawsuit. (ECF No. 1.) UNC Health subsequently filed its Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 14.)

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In ruling on a motion to dismiss, a court may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Lawhon v. Edwards*, 477 F. Supp. 3d 428, 436 (E.D. Va. 2020) (internal quotation marks omitted) (quoting *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019)). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).

A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)). A complaint may fail to

3

state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille*, 716 F.3d at 350.

## III. DISCUSSION

To establish a prima facie case of retaliation under Title VII, Plaintiff must allege that: (1) he engaged in protected activity; (2) he suffered an adverse employment action at the hands of the employer; and (3) a causal link exists between the protected activity and the employment action. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, . . . '[Plaintiff's] [f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In support of its Motion to Dismiss, UNC Health argues that Plaintiff has not pled sufficient facts to state a claim for retaliation. (ECF No. 15 at 4.) Specifically, UNC Health argues that Plaintiff has not satisfied the second element of a retaliation claim under Title VII—that he suffered an adverse employment action—asserting that he failed to allege that the actions were materially adverse and attributable to UNC Health. (*Id.*) UNC Health also argues that Plaintiff has not satisfied the third element of his retaliation claim—a causal link between the protected activity and adverse action—because he failed to allege that his co-workers and

4

the operating room management were aware of his sexual harassment report to UNC Health. (*Id.* at 5.)

As an initial matter, UNC Health does not dispute that Plaintiff was engaging in a protected activity—namely, reporting Dr. Zanation's sexual harassment to UNC Health's compliance hotline—and thus satisfied the first element of a retaliation claim. The Court will discuss each disputed element in turn.

The Court finds that Plaintiff has failed to allege the second element of his retaliation claim in that his Complaint does not allege sufficient facts that he suffered an adverse employment action at the hands of UNC Health.

An adverse employment action is one that adversely affects the terms, conditions, or benefits of employment. *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021). The adverse action "need not be employment- or workplace-related in order to sustain a retaliation claim." *Strothers v. City of Laurel*, 895 F.3d 317, 327 n.3 (4th Cir. 2018). "[R]etaliatory actions do have to be 'materially adverse'—such that they 'might have dissuaded a reasonable worker' from engaging in protected activity." *Id.* at 327 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). "[T]he harm must be a *significant detriment*, not relatively insubstantial or trivial." *Laird v. Fairfax County*, 978 F.3d 887, 893 (4th Cir. 2020) (internal quotation marks omitted).

Here, the adverse actions alleged by Plaintiff are him "being subjected to a violent workplace fostered by Defendant UNC" and "changes in the conditions of [his] employment." (ECF No. 1 ¶ 44.) The Court finds that the allegation that Plaintiff was subjected to a violent

5

workplace fostered by UNC Health does not satisfy the adverse action element. Plaintiff alleges that he received threats from Dr. Zanation and was attacked by another UNC Health employee. (*Id.* ¶¶ 29, 34, 36.) While a physical attack could "dissuade[] a reasonable worker from engaging in protected activity," Plaintiff has not set forth sufficient factual allegations to impute the action of his co-worker to UNC Health. Plaintiff has not alleged any facts that his alleged attacker did so at the instruction or direction of UNC Health. (*See id.* ¶ 39 ("[The] attack on [Plaintiff] was conducted upon the instruction and/or encouragement of Defendant Zanation.")); *see also Clehm v. BAE Sys. Ordnance Sys., Inc.*, 786 F. App'x 391, 394 (4th Cir. 2019) (holding that a retaliation claim fails when "[Plaintiff] has not demonstrated that [his] co-workers' retaliatory harassment is imputable to [Defendant]"). Further, there was no allegation that Dr. Zanation was a supervisor or decision-maker.

Moreover, while Plaintiff stated in his EEOC charge that he "reported [Dr. Zanation's] actions to management, HR, and EOC," (ECF No. 1-2 at 1), Plaintiff has not made sufficient factual allegations that UNC Health did nothing to address Dr. Zanation's alleged behavior. *See Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333–34 (4th Cir. 2003) ("In a case where an employee is . . . harassed by a coworker, the employer may be liable . . . if it knew or should have known about the harassment *and* failed to take effective action to stop it." (emphasis added)). Thus, without any allegations imputing the alleged attack to UNC Health, this allegation fails to support the second element of Plaintiff's retaliation claim.

The Court also finds that the allegation that UNC Health changed the conditions of Plaintiff's employment does not satisfy the adverse action element. Adverse actions must be *materially* adverse, rather than a "petty slight[]," "minor annoyance[]," or "lack of good

6

manners." *Burlington*, 548 U.S. at 68. Further, the Fourth Circuit has held that a change in work schedule is not typically an adverse employment action under Title VII. *Parsons v. Wynne*, 221 F. App'x 197, 198 (4th Cir. 2007). Plaintiff alleges that his "schedule was changed, call shifts were modified, and he was harassed about his vacation requests and break times." (ECF No. 1 ¶ 32.) These actions are more akin to "petty slights," rather than adverse actions that would likely "dissuade[] a reasonable worker" from engaging in protected activity. The Court therefore concludes that these allegations are not materially adverse. Nor has Plaintiff alleged additional facts from which a fact finder could find that these actions were materially adverse to his conditions of employment. Thus, the allegations regarding changes in Plaintiff's scheduling also fail to support the second element of his retaliation claim.

Moreover, with respect to Plaintiff's constructive discharge argument, while this contention is argued in his brief, Plaintiff failed to make any constructive discharge allegation in his Complaint. In the Complaint, as previously stated, Plaintiff alleges that the adverse action he suffered included "being subjected to a violent workplace fostered by Defendant UNC" and "changes in the conditions of [his] employment." (*Id.* ¶ 44.) "It is well-established that parties cannot amend their complaints through briefing . . . ." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Thus, the Court will not consider Plaintiff's "attempt to create [a] claim[] for . . . constructive discharge in his response to [UNC Health's] Motion[] to Dismiss." *Beck v. City of Durham*, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000).

Accordingly, the Court concludes that Plaintiff has failed to include sufficient factual allegations satisfying the second element of his retaliation claim.

Finally, the Court finds that even if there was a finding of adverse employment action, Plaintiff's claim would still fail, as he has not provided sufficient factual allegations demonstrating the third element of his claim—a causal link between his protected activity and any adverse action.

"Causation can be shown in two ways: by 'show[ing] that the adverse act bears sufficient temporal proximity to the protected activity,' or by showing 'the existence of facts that suggest that the adverse action occurred because of the protected activity,' or a combination of the two." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 218–19 (4th Cir. 2022) (quoting *Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021)).

Here, Plaintiff alleges that the attack occurred on January 29, 2021, approximately ten weeks after he filed a complaint with Defendant's compliance hotline. (ECF No. 1 ¶¶ 28, 36.) Although the Fourth Circuit "ha[s] not drawn a bright temporal line," it has held that "two-and-a-half months between the protected activity and the adverse action 'is sufficiently long so as to weaken significantly the inference of causation between the two events' in the absence of other evidence of retaliation." *Wilcox v. Lyons*, 970 F.3d 452, 457 (4th Cir. 2020) (quoting *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003)). In addition, Plaintiff has also failed to allege any facts that, alone or in combination with the ten-week gap, would be sufficient to show a causal connection between the sexual harassment complaint that was made to UNC Health and the alleged harassment and/or attack. As previously discussed, Plaintiff has not provided information that the alleged attack was ordered, encouraged, or known by UNC Health. Aside from the claim that "news of [Plaintiff's] report spread throughout the workplace," (ECF No. 1 ¶ 29), Plaintiff has not alleged that his supervisors had knowledge of

8

his protected activity. Without allegations of such knowledge or influence, Plaintiff cannot show a causal connection. *See Roberts*, 998 F.3d at 125 ("[T]he causation prong . . . requires that a plaintiff demonstrate that the decisionmaker imposing the adverse action have actual knowledge of the protected activity."). Thus, Plaintiff has failed to include sufficient factual allegations satisfying the third element of his retaliation claim.

Accordingly, the Court concludes that Plaintiff has failed to plausibly state a retaliation claim under Title VII. Therefore, Defendant's motion to dismiss will be granted, and Plaintiff's sole remaining claim must be dismissed.

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (ECF No. 14), is **GRANTED** and this action is **DISMISSED**.

This, the 2nd day of August 2023.

/s/ Loretta C. Biggs
United States District Judge